UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1981

RUGYA MOHAMED MUKHTAR,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-477-319)

Submitted: May 28, 2004                   Decided: June 17, 2004

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

James A. Roberts, LAW OFFICES OF JAMES A. ROBERTS, Falls Church,
Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney
General, Mark C. Walters, Assistant Director, Mary Jane Candaux,
OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rugya Mohamed Mukhtar, a native and citizen of Sudan, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Mukhtar raises challenges to the immigration judge's determination that she failed to establish her eligibility for asylum. Specifically, she challenges the immigration judge's finding that she lacked credibility. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Mukhtar fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Mukhtar's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480

U.S. 421, 430 (1987). Because Mukhtar fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Mukhtar also claims that the Board erred in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(e)(4) (2003). To the extent that Mukhtar claims that this procedure violated her rights under the Due Process Clause, we find that this claim is squarely foreclosed by our recent decision in Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(e)(4).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED